**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **DAVID ANTHONY LOCKHART JR.,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Cause No. EP-25-CV-305-KC** |
| | § | |
| **CHARISMA EDGE, Warden,** | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner David Anthony Lockhart Jr., federal prisoner number 04922-104, challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 7. His opposed petition is dismissed for his failure to exhaust his administrative remedies.

## BACKGROUND

Lockhart is a 33-year-old federal prisoner confined at the La Tuna Federal Correctional Institution in Anthony, Texas, which is within the jurisdiction of this Court. *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 04922-104, last visited Mar. 10, 2026). His projected release date is May 7, 2027. *Id*.

Lockhart pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a) (Count 1), and possession of a firearm in the furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two). *United States v. Lockhart*, 0:14-cr-60051-RKA (S.D. Fla.), J. Crim. Case, ECF No 69. He was sentenced to consecutive terms of 60 months' imprisonment on Count 1 and 120-months' imprisonment on Count 2. *Id.*

Although Lockhart admits that his sentence under § 924(c) makes him ineligible for First Step Act Earned Time Credits (FTCs), he claims that he has now completed the § 924(c) portion of his sentence and is now eligible to earn FTCs. Pet'r's Pet., ECF No. 7 at 2. He accordingly

challenges the failure by the Bureau of Prisons (BOP) to award him FTCs for what he describes as the § 2113(a) portion of his sentence. *Id.* He asks the Court to waive the exhaustion requirement for § 2241 petitions and order the BOP to award him all the FTCs that he believes he is due. *Id.* at 3. He further asks the Court to order the BOP to grant him an immediate release to a residential reentry center (RRC) or home confinement—or a full release from BOP custody. *Id.*

## STANDARD OF REVIEW

A prisoner may attack "the manner in which his sentence is carried out or the prison authorities' determination of its duration" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a prisoner must show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

## ANALYSIS

### A. Exhaustion

Lockhart asks the Court to waive the exhaustion requirement for a § 2241 petition. Pet'r's Pet., ECF No. 7 at 3. He argues that the administrative remedy process will take longer than the time remaining on his sentence. But, as a federal prisoner, he "must first pursue all available administrative remedies" before seeking relief under § 2241. *Fillingham v. United States*, 867 F.3d 531, 535 (5th Cir. 2017). And his exhaustion in this context means "proper exhaustion," including his compliance with all administrative deadlines and procedures established by the agency with custody over him. *Cf. Woodford v. Ngo*, 548 U.S 81, 90 (2006) (discussing exhaustion in the context of the Prison Litigation Reform Act).

While there are exceptions to the exhaustion requirement "where the available

2

administrative remedies either are unavailable or wholly inappropriate to the relief a prisoner seeks, or where the attempt to exhaust such remedies would itself be a patently futile course of action," such exceptions apply only in "extraordinary circumstances." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (citations omitted). A petitioner bears the burden of demonstrating such circumstances.

The fact that it takes time to exhaust administrative remedies in not an extraordinary circumstance and does not excuse a prisoner from initiating and completing the process. Indeed, the Supreme Court has held that an inmate who may be entitled to immediate release must first exhaust his administrative remedies before proceeding in court. *Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973). And the Supreme Court has also noted that while exhaustion may take time, "there is no reason to assume that ... prison administrators ... will not act expeditiously." *Id.*

Lockhart fails to carry his burden of proving the futility of administrative review simply based on his claim that the administrative review process may take time. Accordingly, his request for a waiver of the exhaustion requirement is denied.

Consequently, the Court finds that Lockhart has failed to exhaust. *Fuller*, 11 F.3d at 62 (explaining federal prisoners must exhaust "administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241."). It notes that dismissal on this basis alone is warranted. *See Rivkin v. Tamez*, 351 F. App'x 876, 877–78 (5th Cir. 2009) (per curiam) (affirming dismissal of prisoner's § 2241 petition for failure to exhaust administrative remedies). But even if Lockhart had properly exhausted, the Court would still not grant him the § 2241 relief he seeks.

**B. Alternatively, Lockhart's Petition Lacks Merit**

Lockhart pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a) (Count 1), and possession of a firearm in the furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 2). *United States v. Lockhart*, 0:14-cr-60051-RKA (S.D. Fla.), J. Crim. Case, ECF No 69. He was sentenced to 60 months' imprisonment on Count 1 and 120-months' imprisonment on Count 2 with the sentences to run consecutively. *Id.* He claims the BOP has improperly aggregated his sentence and denied him FTCs based on his conviction for the firearm offense, in violation of 18 U.S.C. § 924(c). *See generally* Pet'r's Pet., ECF No. 7. He argues this improper aggregation has resulted in his inability to earn and apply FSA credits.

The First Step Act creates incentives to encourage prisoners to participate in Evidence Based Recidivism Reduction (EBRR) programs and Productive Activities (PAs). 18 U.S.C. § 3632(d). It gives qualifying prisoners the opportunity to earn ten additional days of FTCs for every 30 days of successful participation in EBRR programs and PAs. *Id.* § 3632(d)(4)(A)(i). It allows qualifying offenders at a "minimum" or "low risk" of recidivating to earn an additional five days of FTCs if they did not increase their risk levels over two consecutive assessments. *Id*. § 3632(d)(4)(A)(ii). It permits qualifying inmates to apply FTCs toward prerelease community-based placement in an RRC or home confinement. 18 U.S.C. § 3624(g)(2); 28 C.F.R. § 523.44(b)–(c). And, at the discretion of the BOP Director, it permits qualifying prisoners to apply the FTCs toward their early release to supervision. 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d).

Federal prisoners are ineligible for FTCs if they are "serving a sentence for a conviction" for, among other things, a violation of "Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. §

3632(d)(4)(D)(xxii). Federal prisoners serving "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." *Id.* § 3584(c).

Consequently, § 3584(c) requires Lockhart's consecutive sentences for bank robbery and possession of a firearm in the furtherance of a crime of violence to be treated as a single, aggregate term of imprisonment. His aggregate sentence cannot, as he suggests, be broken down into its component parts. That means his aggregate term of imprisonment, which includes a sentence for an 18 U.S.C. § 924(c) conviction, makes him ineligible to acquire FTCs.

Fifth Circuit precedents support the BOP's aggregation of sentences before calculating FTCs. The Fifth Circuit has recognized that "aggregation is explicitly applicable in the administrative context of consolidating a prisoner's consecutive sentences." *Martinez v. Rosalez*, No. 23-50406, 2024 WL 140438, at *3 (5th Cir. Jan. 12, 2024) (citing *United States v. Chapple*, 847 F.3d 227, 230 (5th Cir. 2017) (agreeing that "§ 3584 only applies to aggregation 'for administrative purposes' and does not impact the court's judicial discretion under [18 U.S.C.] § 3582")). And it has held that "aggregation in the administrative context under []§ 3584(c) … was proper for the purpose of FSA time credits." *Id*. at *3.

Other courts of appeals have reached the same conclusion. *See Giovinco v. Pullen*, 118 F.4th 527, 529 (2d Cir. 2024) ("We conclude that, pursuant to the aggregation provision, a prisoner 'is serving a sentence for' any offense that is part of his aggregated term of imprisonment. Accordingly, the BOP must aggregate a prisoner's sentence pursuant to § 3584(c) for the purpose of determining his eligibility for FSA time credits under § 3632(d)(4)."), *cert. denied sub nom. Giovinco v. Flowers*, 145 S. Ct. 1947 (2025); *Keeling v. Lemaster*, No. 22-6126, 2023 WL

9061914, at *1 (6th Cir. Nov. 22, 2023) ("[C]ourts have consistently and correctly held that the calculation of a prisoner's sentence, and the awarding of credits that reduce the length of that sentence, are administrative functions of the BOP subject to § 3584(c). The district court therefore did not err in concluding that [the petitioner's] aggregated sentence precluded him from receiving earned time credit under the FSA."); *McNeill v. Ramos*, No. 23-6488, 2023 WL 6442551, at *1 (4th Cir. Oct. 3, 2023) ("[T]he district court did not err in finding that [petitioner] was ineligible for sentencing time credits."); *Sok v. Eischen*, No. 23-1025, 2023 WL 5282709, at *1 (8th Cir. Aug. 17, 2023) ("[A]s the BOP correctly treated his prison terms as a single aggregated sentence for all 3 offenses, and therefore properly denied him FSA credits."); *Teed v. Warden Allenwood FCI Low*, No. 23-1181, 2023 WL 4556726, at *2 (3d Cir. July 17, 2023), *cert. denied*, 144 S. Ct. 873 (2024) ("Calculation of an inmate's term of imprisonment is widely recognized as an 'administrative purpose' well within the BOP's responsibilities as charged by Congress. Accordingly, here, we view BOP's aggregation of [a petitioner's] sentence and FSA ineligibility designation to be proper.") (citations omitted).

The applicable statutes and case law clearly show that the BOP has properly aggregated Lockhart's terms of imprisonment under §§ 924(c) and 2113(a) for FSA purposes and that Lockhart is disqualified from earning or applying FSA credits.

**CONCLUSION AND ORDER**

The Court concludes Lockhart has failed to exhaust his administrative remedies and it lacks the jurisdiction necessary to adjudicate his claims. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that David Anthony Lockhart Jr.'s *pro se* "Emergency Petition for Writ

of Habeas Corpus pursuant to 28 U.S.C. § 2241" (ECF No. 7) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED this 11th day of March, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE